16107

IN THE DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANNON FORD | § | |
| | § | |
| v. | § | Civil Action No. SA-23-CV-0444-JKP |
| | § | |
| SWIFT TRANSPORTATION SERVICES, | § | |
| LLC, SWIFT TRANSPORTATION CO. | § | JURY DEMANDED |
| OF ARIZONA, LLC and JOHN DOE 1 | § | |

**SWIFT DEFENDANTS' MOTION TO BIFURCATE AND
DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S
STIPULATION OF COURSE AND SCOPE**

TO THE HONORABLE COURT:

Defendants **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC** and improperly-named **SWIFT TRANSPORTATION SERVICES, LLC** (the "Swift Defendants") file this Motion to Bifurcate, and, as to Swift Transportation Co. of Arizona, LLC only, Stipulation of Course and Scope, under Texas Civil Practice and Remedies Code sections 72.051–72.055.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Plaintiff brings negligence claims alleged to arise from a 3/6/2021 motor vehicle accident involving Plaintiff and "John Doe 1" ("Doe"). Plaintiff was allegedly in a vehicle that was sideswiped by Doe. Doe was allegedly operating the vehicle as part of his employment with "either" of the Swift Defendants. Plaintiff also claims Doe was grossly negligent and, without explanation, that the Swift Defendants are vicariously liable for that gross negligence. Plaintiff sued for bodily injury damages and exemplary damages. The Swift Defendants filed their Original Answer on 4/3/2023. On information and belief, Plaintiff has not identified or served Doe.

2. Pursuant to Texas Civil Practice & Remedies Code section 72.051–72.055, the

Swift Defendants request (a) a bifurcation of trial, (b) that any liability for and amount of exemplary damages go forward only in the second phase of trial, (c) that any evidence of regulatory or standard violations by any defendant go forward only in the second phase of trial, with the discrete exception listed in the statute, (d) that Swift Transportation Co. of Arizona, LLC's liability be limited to *respondeat superior* and the discrete exceptions listed in the statute, and (e) that any evidence for allowed direct negligence claims against Swift Transportation Co. of Arizona, LLC go forward only in the second phase of trial, except for any applicable exception from the statute. This motion is timely because it is filed within 120 days of the Swift Defendants' Original Answer.

## II.
## SECTIONS 72.051, ET AL.

3.      The Texas Legislature enacted Texas Civil Practice and Remedies Code sections 72.051–72.055 in 2021. The law applies to all actions commenced on or after 9/1/2021, including that brought by Plaintiff in this matter. Acts 2021, 87th Leg., Ch. 785 (HB 19), § 6.

4.      In a "civil action" under the statute, the Court "shall" bifurcate the trial if the defendant files a motion for bifurcation within 120 days of filing its Original Answer. Tex. Civ. Prac. & Rem. Code § 72.052(a)–(b). The jury then determines liability for and amount of compensatory damages in the first phase of trial, with liability for and amount of exemplary damages in the second phase of trial. *Id.* § 72.052(c)–(d). Evidence of a defendant's alleged failure to comply with a regulation or standard is likewise limited to the second phase of trial, with one exception. *Id.* § 72.053.[1]

---

[1] To summarize the exception: Evidence of a defendant's failure to comply with a regulation or standard is admissible in the first phrase of a bifurcated trial only if the evidence (1) tends to prove that failure was a proximate cause of the bodily injury or death, and (2) the regulation or standard is "specific and governs, or is an element of duty of care applicable to" the defendants, its employee, or its property/equipment in a manner that is at issue in the action. Tex. Civ. Prac. & Rem. Code § 72.053(b). In other words, an alleged violation should only be admitted in the first

5. The statute also mostly limits an employer-defendant's liability to *respondeat superior*, if the employer stipulates—by the same deadline for filing a motion to bifurcate—that the defendant driver was its employee and acting within the scope of employment. *Id.* § 72.054(a) ("Except as provided by Subsection (d), . . . an employer defendant's liability for damages caused by the ordinary negligence of a person operating the defendant's commercial motor vehicle *shall be based only on respondeat superior*". (emphasis added)). If this is done, evidence that the employer was directly negligent is generally not admissible in the first phrase of trial, with some exceptions all stated explicitly in the statute. *Id.* § 72.054(b) ("Except as provided by Subsection (c), . . . a claimant may not, in the first phase of the trial, present evidence on an ordinary negligence claim against the employer defendant . . . that requires a finding by the trier of fact that the employer defendant's employee was negligent . . . .").[2]

6. The law defines "civil action" to include a lawsuit where (a) a claimant seeks recovery of bodily injury damages caused in an accident, and (b) the defendant operated a

---

phrase of trial if it amounts to both (1) proximate cause and (2) negligence per se. Note that this allows only for the presentation of *evidence* and does not revive any of the *claims* against an employer-defendant that are barred by making the stipulation detailed below. *Compare id.* § 72.054(b) (stating this subsection on evidence admissibility "does not prevent a claimant from presenting evidence allowed by Section 72.053(b)") *with id.* § 72.054(a) (this subsection on allowable claims does not include that exception).

[2] To summarize the exceptions:
- The statute provides exceptions for specifically-described regulatory violations allegedly committed by specific types of employer-defendants that are admissible in the first phrase of trial. *Id.* § 72.054(c)–(e). The statute makes this exception narrow and limited. This evidence is admissible in the first phase *only* to prove ordinary negligent entrustment by the employer-defendant, and those regulatory violations are the *only* type of evidence that is admissible in the first phase for proving ordinary negligent entrustment. *Id.*
- The statute does not bar an ordinary negligent maintenance claim or exclude evidence of that claim from the first phase of trial because, unlike other direct claims against an employer-defendant, negligent maintenance does not require a finding that the defendant driver was negligent. *Id.* § 72.054(f)(1).

commercial motor vehicle ("CMV") involved in the accident, or owned, leased, or otherwise held or exercised legal control over a CMV or operator of a CMV involved in the accident. *Id.* § 72.051. "Claimant" is anybody seeking to recover damages (with an irrelevant exception that sometimes applies for passengers in the CMV). *Id.* "CMV" is defined broadly to include most uses of a vehicle for commercial purposes to move property or people, or provide services. *Id.* Specifically, it defines it to mean "a motor vehicle being used for commercial purposes in interstate or intrastate commerce to transport property . . ., deliver or transport goods, or provide services." *Id.* An "employee" is broadly defined to include any "person who works for another person for compensation" and includes any "person deemed an employee under state or federal law and any other agent or person for whom an employer may be liable under respondeat superior." *Id.*

### III.

### MOTION TO BIFURCATE

7.      As detailed above, Plaintiff's suit is a civil action seeking recovery of bodily injury damages allegedly caused by an accident involving a commercial motor vehicle. Doe was allegedly operating the vehicle as part of his employment with "either" of the Swift Defendants, for commercial purposes in interstate or intrastate commerce to transport property, deliver or transport goods, and provide services. The Swift Defendants allegedly controlled both the commercial motor vehicle and Doe. The accident as alleged by Plaintiff therefore fits squarely within the terms of Texas Civil Practice & Remedies Code sections 72.051–72.055.[3] With the Swift Defendants' timely filing of this motion, the Court "shall" bifurcate the trial. Tex. Civ. Prac.

---

[3] As detailed in the Swift Defendants' Answers, Swift Transportation Services, LLC is an improper party for multiple reasons, including employing no drivers, owning no vehicles, and operating no vehicles. However, under the facts alleged by Plaintiff, sections 72.051–72.055 apply to both of the Swift Defendants, with the exception of those provisions triggered by the stipulation that is made only by Swift Transportation Co. of Arizona, LLC.

& Rem. Code § 72.052(a)–(b).

8.     Any claims for gross negligence and exemplary damages fall under the statute and require bifurcation. Tex. Civ. Prac. & Rem. § 72.052(d). Under this bifurcation, the jury determines liability for and amount of compensatory damages in the first phase of trial, with all evidence and argument for both any liability for and any amount of exemplary damages fully delayed until the second phase of trial. *Id.* § 72.052(c)–(d). Evidence of a defendant's alleged failure to comply with a regulation or standard is mostly limited to the second phase of trial. *Id.* § 72.053. Furthermore, with the stipulation below, any evidence that employer-defendant Swift Transportation Co. of Arizona, LLC was directly negligent is generally not admissible in the first phrase of trial. *Id.* § 72.054(b).

## IV.

## STIPULATION OF COURSE & SCOPE

**A.     Stipulation by Swift Transportation Co. of Arizona, LLC Only as to Lewis Only**

9.     On information and belief, Doe is believed to be Roshane J. Lewis. Despite Plaintiff failing to identify the defendant driver, this stipulation is filed in an abundance of caution, should the statute be interpreted to not allow later filing as to Lewis. This stipulation is limited to Lewis. The Swift Defendants do not know if and when Plaintiff may plead an actual person as the defendant driver, and, given that complete absence of notice to date, this stipulation is not applicable to any other individual.[4]

10.    Defendant Swift Transportation Co. of Arizona, LLC stipulates that Lewis was an employee of Swift Transportation Co. of Arizona, LLC at the time of the alleged motor vehicle

---

[4] Should Plaintiff in the future identify some other individual as the defendant driver, that would constitute the first notice, and the Swift Defendants reserve the right to seek all remedies under Texas Civil Practice & Remedies Code sections 72.051, et al. that are available for that individual.

accident underlying Plaintiff's claims. Swift Transportation Co. of Arizona, LLC further stipulates that Lewis was acting within the course and scope of his employment for Swift Transportation Co. of Arizona, LLC at the time of the alleged motor vehicle accident underlying Plaintiff's claims. Lewis was operating a vehicle under the control of Swift Transportation Co. of Arizona, LLC at the time of the alleged incident. This stipulation is made by Swift Transportation Co. of Arizona, LLC only and does not include Swift Transportation Services, LLC.[5]

**B.	Impact of Stipulation**

11.	The court shall provide for a bifurcated trial related to any claim that "requires a finding by the trier of fact that the employee was negligent in operating the vehicle as a prerequisite to the employer defendant being found negligent." Tex. Civ. Prac. & Rem. § 72.052(e). It is well-established that any claims by Plaintiff against employer-defendant Swift Transportation Co. of Arizona, LLC for negligent hiring, training, supervision, retention, entrustment, etc. are dependent on the jury finding that employee Lewis was negligent. *E.g.*, *Endeavor Energy Res. v. Cuevas*, 593 S.W.3d 307, 311 (Tex. 2019) (negligent hiring); *4Front Engineered Solutions, Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016) (negligent entrustment); *Wansey v. Hole*, 379 S.W.3d 246, 246–48 (Tex. 2012) (per curiam) (negligent hiring and supervision, and negligent entrustment); *Moore Freight Servs. v. Munoz*, 545 S.W.3d 85, 97–98 (Tex. App.—El Paso 2017, pet. denied) (negligent hiring, supervision, and retention); *Brown v. Swett & Crawford of Tex.*, 178 S.W.3d 373, 384 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (negligent hiring and supervision); *Gonzales v. Willis*, 995 S.W.2d 729, 732, 739–40 (Tex. App.—San Antonio 1999, no pet.) (negligent hiring, retention, training, and supervision).

---

[5] As detailed in the Swift Defendants' Answers, Swift Transportation Services, LLC is an improper party for multiple reasons, including employing no drivers, owning no vehicles, and operating no vehicles.

12. The Texas Legislature—in passing sections 72.051–72.055—codified clear and well-established Texas law that direct and vicarious negligence claims against an employer are *mutually exclusive*, and a plaintiff cannot legally assert direct negligence claims against an employer that stipulates to employment and course and scope. This standard has been applied to any direct negligence claims asserted against the employer that require a finding that the employee was negligent:

- "[T]he case law supports appellants' contention that **negligent hiring** and respondeat superior are mutually exclusive modes of recovery. In cases where the plaintiff was relying upon the theory of **negligent entrustment** of a motor vehicle, the courts have refused to permit the plaintiff to proceed with this separate ground of recovery against the owner where the derivative liability of the owner has already been established by an admission or stipulation of agency or course and scope of employment. The rationale of this rule is equally applicable to a case involving **negligent hiring**. *Estate of Arrington v. Fields*, 578 S.W.2d 173, 178 (Tex. App.—Tyler 1979, writ ref'd n.r.e.) (inner citations omitted) (emphasis added).

- "**Negligent training and supervision** claims are thus alternative means to the same end: holding an employer liable for the negligence of an employee. . . . Lyle's ordinary negligence claim makes her claim of **negligent supervision and training** irrelevant." *Lyle v. 24 Hour Fitness, USA, Inc.*, 2016 U.S. Dist. LEXIS 74353, at *15–16 (W.D. Tex. 2016) (applying Texas law) (emphasis added).

- "Plaintiffs' **entrustment** claim cannot be maintained separate from their *respondeat superior* claim. . . . In other words, if vicarious liability is not contested, the employee's competence and the employer's own **negligence in hiring, failing to properly train, or negligent supervising** become irrelevant . . . . Plaintiffs . . . cannot maintain a claim for **negligent entrustment** separate from their claim for vicarious liability under *respondeat superior*." *Rutherford v. Joe Rud Trucking*, 2015 U.S. Dist. LEXIS 181690, at *5, 15, 16 (W.D. Tex. 2015) (applying Texas law) (emphasis added).

- "P.A.M. reasons that, in cases in which a plaintiff pleads ordinary negligence and a defendant employer stipulates that it would be vicariously liable for that negligence, the Court should **grant summary judgment as a matter of law on any direct liability claims against that employer**. . . . Texas law supports the Court granting P.A.M.'s partial summary judgment motion, dismissing the claims pertaining to **negligent hiring, supervision, training, and retention**". *Williams v. McCollister*, 671 F. Supp. 2d 884, 887, 889 (S.D. Tex. 2009) (applying Texas law) (emphasis added).

*See also Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, pet. denied) ("[T]he case law supports appellees' contention that negligent hiring or negligent

entrustment and respondeat superior are mutually exclusive modes of recovery."); *Patterson v. E. Texas Motor Freight Lines*, 349 S.W.2d 634, 636 (Tex. App.—Texarkana 1961, writ ref'd n.r.e.) ("The theory of negligent entrustment in order to bind the truck company became immaterial as soon as the stipulation as to course of employment was made."); *Eyer v. Rivera*, 2019 U.S. Dist. LEXIS 184826, at *5–9 (W.D. Tex. 2019) (applying Texas law) (granting summary judgment against negligent hiring, training, supervision, and qualification); *Alpizar v. John Christner Trucking, LLC*, 2019 U.S. Dist. LEXIS 64751, at *22–23 (W.D. Tex. 2019) (applying Texas law) (granting summary judgment against negligent hiring, training, supervision, retention, and entrustment); *Ochoa v. Mercer Transp. Co.*, 2018 U.S. Dist. LEXIS 223237, at *9–10 (W.D. Tex. 2018) (applying Texas law) (granting summary judgment against negligent hiring, training, supervision, and retention).

13. As detailed above, with this stipulation, Swift Transportation Co. of Arizona, LLC's potential liability is limited to *respondeat superior*, and evidence that Swift Transportation Co. of Arizona, LLC was directly negligent is not admissible in the first phrase of trial, with some exceptions all stated explicitly in the statute.

V.

**CERTIFICATIONS**

14. Counsel for the parties have attempted to confer in a good-faith attempt to resolve the matter by agreement. Undersigned counsel sent the motion to Plaintiff's counsel and requested Plaintiff's position. A response has not been received as of the time of filing.

15. The Swift Defendants have also filed this motion because Texas Civil Practice and Remedies Code sections 72.051–72.055 require the filing.

# VI.

# **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Swift Defendants pray that the Court (a) take judicial notice of this stipulation of course and scope by Swift Transportation Co. of Arizona, LLC, (b) enter an order (i) granting a bifurcation of trial, (ii) that any liability for and amount of exemplary damages go forward only in the second phase of trial (only in the event that phase one should produce a liability finding such as would justify punitive damages), (iii) that any evidence of regulatory or standard violations by any defendant go forward only in the second phase of trial, with the discrete exception listed in the statute, (iv) that Swift Transportation Co. of Arizona, LLC's liability be limited to *respondeat superior* and the discrete exceptions listed in the statute, and (v) that any evidence for allowed direct negligence claims against Swift Transportation Co. of Arizona, LLC go forward only in the second phase of trial, except for any applicable exception from the statute, and (c) for such other and further relief to which the Swift Defendants may be justly entitled.

Respectfully submitted,

**FEE, SMITH & SHARP, L.L.P.**

*/s/ Jeffrey D. Boyd*
_____

**BRET A. SANDERS**
State Bar No. 24033152
**JEFFREY D. BOYD**
State Bar No. 24069404
5301 Southwest Parkway, Suite 460
Austin, TX 78735
(512) 479-8400
(512) 479-8402 [Fax]
bsanders@feesmith.com
jboyd@feesmith.com

**ATTORNEYS FOR DEFENDANTS**
**SWIFT TRANSPORTATION SERVICES, LLC and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**

**CERTIFICATE OF SERVICE**

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served as stated below to all attorneys of record in this cause of action on the 1st day of August, 2023.

***Via E-File and Email***
Joseph B. Deacon
Barry Deacon Law
630 Broadway
San Antonio, TX 78215
bdeacon@barrydeaconlaw.com

*/s/ Jeffrey D. Boyd*
_____

**BRET A. SANDERS**
**JEFFREY D. BOYD**