IN THE DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHANNON FORD | § | |
| | § | |
| v. | § | Civil Action No. SA-23-CV-0444-JKP |
| | § | |
| SWIFT TRANSPORTATION SERVICES, | § | |
| LLC, SWIFT TRANSPORTATION CO. | § | JURY DEMANDED |
| OF ARIZONA, LLC and JOHN DOE 1 | § | |

### ORDER GRANTING SWIFT DEFENDANTS' MOTIONS TO BIFURCATE

After consideration of Swift Defendants' Motion to Bifurcate and Defendant Swift Transportation Co. of Arizona, LLC's Stipulation of Course and Scope, and any responses and replies, the Court has determined that the motions should be **GRANTED**.

It is therefore **ORDERED, ADJUDGED, and DECREED** that Swift Defendants' Motion to Bifurcate and Defendant Swift Transportation Co. of Arizona, LLC's Stipulation of Course and Scope are **GRANTED**.

It is **FURTHER ORDERED** that the trial of this matter will be bifurcated:

- Liability for and the amount of exemplary damages will proceed in the second phase of trial, should the jury's verdict in the first phase of trial necessitate it.

- Evidence of a regulatory or standard violation by any defendant is admissible only in the second phase of trial, except for evidence allowed in the first phase by Texas Civil Practice and Remedies Code sections 72.051–72.055.

- Defendant Swift Transportation Co. of Arizona, LLC's liability is limited to *respondeat superior* and those other available grounds for liability given in Texas Civil Practice and Remedies Code sections 72.051–72.055.

- Evidence for the direct negligence of Defendant Swift Transportation Co. of Arizona, LLC is admissible only in the second phase of trial, except for evidence allowed in the first phase by Texas Civil Practice and Remedies Code sections 72.051–72.055.

- Plaintiff's claims against Defendant Swift Transportation Co. of Arizona, LLC that require a finding by the trier of fact that the employee was negligent in operating the vehicle as a prerequisite to the employer defendant being found negligent—including without limitation claims of negligent hiring, entrustment, driver qualifications, training, supervision, retention, and contracting—shall be bifurcated until the jury has made a determination related to the negligence, if any, of Defendant "John Doe 1".

It is so ordered.

SIGNED on this the _____ day of _____, 2023.

                                                                  _____
                                                                  **PRESIDING JUDGE**